UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-09271-SVW-RAO | Date | February 9, 2023 |
|---|---|---|---|
| Title | *Courtney Green v. The Walt Disney Company* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   ORDER DISMISSING WITH PREJUDICE

Before the Court is a "motion to vacate order of dismiss and reinstate filed" by Plaintiff Courtney Green ("Plaintiff"), proceeding *pro se*. ECF No. 9. Because Plaintiff is *pro se*, the Court construes this motion as a motion for reconsideration of the Court's prior dismissal of his complaint.

The Court previously dismissed Plaintiff's claim with leave to amend, given that his complaint did not include specific allegations to satisfy the federal pleading standard. ECF No. 6. In his motion for reconsideration, Plaintiff points to another filing titled "Description of Claim/Statement of case," which includes more detailed factual allegations, which the Court previously did not consider. ECF No. 7. Accordingly, the Court reconsiders its decision and finds that dismissal with prejudice is warranted.

Plaintiff alleges that Defendant The Walt Disney Company ("Defendant") "exploited/extorted an electronic breach in a television platform/portal to openly monitor, listen,survell [sic] and attempt to converse with plaintiff Courtney Green through the use of the television device." ECF No. 7 at 2. Plaintiff further claims that through this breach, Defendant "were able to conceal the act of exploitation,defamation [sic] and facilitate the exchange of information to the masses for the purpose of malice and slander towards the plaintiff therefore aiding in the act of racketeering." *Id.* Plaintiff lists several instances where he claims that individuals on the various talk shows noted that they could "physically" see Plaintiff and made comments about Plaintiff's person. *See generally Id.* at 5-9. From these allegations, Plaintiff makes a variety of unclear legal claims including a violation of the "American

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-09271-SVW-RAO | Date | |
| Title | *Courtney Green v. The Walt Disney Company* | | |

Data Privacy Protection Act", exploitation, and racketeering. *Id.* at 4, 11.

    Under 28 U.S.C. § 1915(e)(2)(B)(i), a Court may sua sponte dismiss a claim seeking IFP status if the court determines that the action is "frivolous or malicious." A pleading is "factually frivolous", where "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25-26 (1992). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Meyer v. World Bank*, No. 319CV00017GPCJLB, 2019 WL 2009873, at *3 (S.D. Cal. May 7, 2019) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

    Reviewed under this standard, Plaintiff's claims "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. It is simply not plausible that Defendant has engaged in surveillance of Plaintiff's life and has interacted with him through his television set. *See Fulkerson v. U.S. Sercret Serv.*, No. 320CV00227RCJWGC, 2020 WL 5637974, at *2 (D. Nev. Aug. 18, 2020), report and recommendation adopted sub nom *Fulkerson v. U.S. Secret Serv.*, No. 320CV00227RCJWGC, 2020 WL 5633289 (D. Nev. Sept. 21, 2020) (finding that allegations that members of the military representing the Secret Service and DHA have stalked and harassed the plaintiff using the City of Reno's traffic monitoring system, the NASA UAV traffic monitoring system, and DHS's abilities to use privately surveillance and cellular towers to stalk the plaintiff via the plaintiff's cellular phone, internet connection and rental vehicles were frivolous); *Waldrop v. Dep't of Corr.*, No. CIV S-06-1260 DFL EFB P, 2006 WL 2926754, at *1–2 (E.D. Cal. Oct. 11, 2006) (dismissing as frivolous claims that prison placed radio transmitters in plaintiff's ears and used satellite transmissions to monitor him as an experiment for a web site because they "describ[ed] fantastic or delusional scenarios."); *Athans v. Starbucks Coffee Co.*, No. CV-06-1841-PHX-DGC, 2007 WL 1673883, at *2 (D. Ariz. June 11, 2007) (sua sponte dismissing as frivolous pro se litigant's complaint alleging a conspiracy of "illegal surveillance, undercover 'sting' operations, and [the] unlawful 'doping' of [Starbucks] beverages."). Accordingly, the action is DISMISSED with prejudice.

    **IT IS SO ORDERED.**

                                                                                             Initials of Preparer

                                                                                             PMC